UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

MICHAEL WILLIAMS )
a/k/a MICHAEL D. WILLIAMS )
a/k/a MICHAEL DION WILLIAMS, ) Civil Action No. 13-177-DLB
)
Petitioner, ) **MEMORANDUM OPINION**
) **AND ORDER**
v. )
)
J. C. HOLLAND, WARDEN, )

Respondent.

\*\*   \*\*   \*\*   \*\*   \*\*

In September 2013, Petitioner Michael Williams, a/k/a Michael D. Williams, a/k/a Michael Dion Williams, filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1].  Williams alleged that specific actions and/or inactions by the United States Parole Commission ("USPC") had improperly extended the duration of his federal detention in the custody of the Bureau of Prisons ("BOP").[1] Williams sought immediate release from the BOP's custody and unspecified monetary damages to compensate him for his allegedly unlawful federal detention since October 8, 2012, and his alleged emotional distress stemming from the alleged actions or omissions of the USPC.  Respondent J.C. Holland, Warden of USP-Big Sandy, has through counsel, filed a Response. [R. 10].  Williams filed no Reply to Holland's Response.

---

[1] When Williams filed this § 2241 proceeding, he was confined in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky.

The Court has reviewed and considered the parties' pleadings, but concludes that Williams's § 2241 petition must be denied as moot.

## BACKGROUND

On May 24, 2002, the District of Columbia Superior Court sentenced Williams to serve an 8-year term of imprisonment, to be followed by a 5-year term of supervised release under the supervision of the USPC. On May 14, 2009, Williams began serving his term of supervised release term, but on November 12, 2009, the USPC issued a warrant charging Williams with having violated the conditions of his supervised release by failing to submit to drug testing, failing to report to his supervising officer as directed, and committing a new law violation of assault and assault with intent to rob while armed. The USPC instructed the United States Marshals Service to take custody of Williams, but that if he was already in the custody of another authority, to lodge its warrant as a detainer.

Williams was convicted of assault with intent to rob while armed, and on December 2, 2009, the D.C. Superior Court sentenced him to serve a 42-month prison term, followed by a 3-year term of supervised release. The USPC's warrant, which had been placed as a detainer while Williams served the 2009 sentence, was executed on October 8, 2012.

On August 2, 2013, the USPC conducted a supervised release revocation hearing for Williams. As a result of that hearing, the USPC revoked Williams's term of supervised term on his 2002 sentence, and ordered him to serve 30 months (starting October 8, 2012) with no further supervised release to follow on that sentence. The USPC reminded Williams that he would be subject to the 36-month term of supervised

release imposed as part of his 2009 sentence. That decision was affirmed on administrative appeal.

In his § 2241 petition, Williams alleged that the USPC's violation warrant (as to his 2002 sentence) was invalid. Williams argued that the warrant application was not contained in his central BOP file; that the warrant had not been validly executed, because it had been signed by an assistant warden and another BOP official, whom Williams asserts were not authorized to execute the warrant; that he had fully served his second sentence imposed in 2009; and that he did not receive a timely revocation hearing.

On March 25, 2014, the Court entered a Memorandum Order directing the Respondent to respond to Williams's habeas claims alleging that the USPC violated his Fifth Amendment right to due process of law in connection with his warrant and revocation proceedings. [R. 9, pp. 4-7; p. 9, ¶ 2]. The Court, however, denied as premature Williams's demand for money damages based on his alleged emotional distress stemming from the USPC's alleged actions or omissions. [*Id.*, pp. 7-8].

The Respondent, through counsel, filed a response [R. 10], in which he contested Williams's assertion that the USPC's warrant was invalid. He argued that because the supervised release violation warrant (as to Williams's 2002 sentence) was issued before the expiration of his 5-year term of supervised release, it was issued in a timely manner. The Respondent explained that Williams began serving the 5-year term of supervised release (as to his 2002 sentence) on May 14, 2009, and that the USPC warrant was issued on November 14, 2009 – approximately six months later – thus rendering it timely issued under the applicable regulation, 28 C.F.R. § 2.211(d).

3

The Respondent next disputed Williams's assertion that the USPC warrant was not properly activated, and thus invalid, because it was not contained in his BOP file. The Respondent acknowledged that USPC had no way of knowing what documents the BOP may have retained in its central file on Williams, but that regardless of what may or may not have been in the BOP's file, the validity and legality of the USPC's warrant did not turn on whether or not BOP officials placed the warrant into a particular file. For that proposition, the Respondent cited *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972); *Moody v. Daggett*, 429 U.S. 78, 89 (1976) (holding that the USPC has the authority to place parole violation warrant as detainer while prisoner serves a new sentence).

The Respondent next disagreed with Williams's argument that the Acting Warden of the federal prison in which he had just completed service of his 2009 sentence was not empowered to execute a USPC warrant. In support of his argument, the Respondent cited 28 C. F.R. § 2.212(a), which states: "Any officer of any Federal or District of Columbia correctional institution, any Federal Officer authorized to serve criminal process, or any officer or designated civilian employee of the Metropolitan Police Department of the District of Columbia, to whom a warrant is delivered, shall execute such warrant by taking the releasee and returning him to the custody of the Attorney General."

The Respondent next disputed Williams's assertion that he had fully served his 2009 sentence. *See* R. 10, p. 6; R. 10-5, p. 2, "actual satisfaction date." The Respondent acknowledged that Williams had fully served the *confinement* portion of that 2009 sentence, but that as of April 24, 2014 (the date on which the Respondent filed his response to the § 2241 petition), Williams's 3-year term of supervised release

4

imposed as part of his 2009 sentence remained to be served, and that Williams would have to serve that 3-year term *after* he was released from confinement for violating the terms of his supervised release as to his 2002 sentence, the latter being the sentence which Williams was then serving on April 24, 2014 (the date on which the Respondent filed his response to the § 2241 petition). In support of his claims, the Respondent cited *United States v. Johnson*, 529 U.S. 53 (2000) (interpreting 18 U.S.C. § 3624(e) to hold that supervised release term begins only after release from imprisonment), and D.C. Code § 24-133(c) (2)).[2]

Finally, the Respondent argued that Williams was not entitled to habeas relief based on any delay that ensued in conducting his supervised release revocation hearing. While suggesting that the USPC might have failed to give Williams a timely revocation hearing, *see* R. 10, p. 6, ¶ 4, the Respondent nevertheless explained that Williams had demonstrated no prejudice resulting from the delay, and that under the established case law, "prejudice" was defined as the parole violator's inability to prepare or present his defense to the revocation charges by the loss of witness or evidence because of the delay. The Respondent argued that Williams had not demonstrated prejudice, in that he had not shown that the delay in the hearing had prevented him from preparing or presenting his defense to the revocation charges because of lost witnesses

---

[2] D.C. Code § 24-133(c)(2) provides:

> The [Court Services and Offender Supervision] Agency shall supervise any offender who is released from imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia. Such offender shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release. The United States Parole Commission shall have and exercise the same authority as is vested in the United States district courts by paragraphs (d) through (i) of § 3583 of title 18, United States Code . . . .

5

or evidence. The Respondent further asserted that the USPC ultimately conducted the revocation hearing on August 2, 2013, thus mooting any delay that had transpired.

## DISCUSSION

Article III of the United States Constitution extends judicial power to cases and to controversies. *See* U.S. Const. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted).

If, during the pendency of a case, an event occurs that makes it impossible for a court to grant any effectual relief to the prevailing party, the case must be dismissed, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992), because "[f]ederal courts lack jurisdiction to decide moot cases . . . ," *Iron Arrow Honor Soc'y*, 464 U.S. at 70 (citing *Dfunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Such an event has occurred in this case, as the BOP's official website confirms that Williams, BOP Register No. 07420-000, was released from federal custody on February 10, 2015. *See* http://www.bop.gov/inmateloc/ (last visited on June 3, 2015). Williams did not notify the Court of his release, despite having previously been instructed to inform the Court of any change of his address. *See* R. 9, p. 9, ¶ 5.

Because Williams has been released from BOP custody, his § 2241 petition, in which he sought release from the BOP's custody based on the USPC's alleged actions or omissions as to his sentences imposed by the District of Columbia Superior Court, and/or their respective terms of supervised release, has now become moot. *See Prowell v. Hemingway*, 37 F. App'x 768, 769-70 (6th Cir. 2002) (affirming the denial of Prowell's § 2241 petition as moot, because Prowell had completed service of his 1988 sentence on November 10, 2000, and was therefore no longer subject to the supervision of the USPC); *Edwards v. Dewalt*, 681 F.3d 780, 787-88 (6th Cir. 2012) (affirming the denial of Edward's § 2241 petition as moot, where the petition challenged the "salient factor score" which the USPC had used to recommend the length of his prison time, but Edwards had since been released from incarceration); *Mercer v. U.S. Parole Com'n*, 774 F.2d 1163, 1985 WL 13726, at *1 (6th Cir. Sept. 17, 1985) (Table) ("The general rule is that where a prisoner attacks only the parole decision made by the Commission, the prisoner's release on parole moots the appeal."); *see also Morton v. Zych*, No. 2:09-CV-12855, 2010 WL 743042, at *2 (E.D. Mich. Feb. 26, 2010) (denying as moot prisoner's § 2241 petition challenging the USPC's decision to deny his request for mandatory release on parole and for bond, based on the fact that the petitioner had since been released from the BOP's custody).

Thus, the Court need not determine whether USPC's alleged actions or inactions in connection with either the violation warrant it issued, or the supervised release revocation hearing it conducted, were improper and/or invalid. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"

*Church of Scientology*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Williams's § 2241 petition challenging the USPC's alleged actions and/or omissions in relation to his federal confinement must therefore be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1] filed by Petitioner Michael Williams, a/k/a Michael D. Williams, a/k/a Michael Dion Williams, is hereby **DENIED** as **MOOT**.

(2) This action is **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 11th day of June, 2015.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Williams 13-177-DLB Dism 2241 CKS.doc